UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> MATILDA PASSINI, et al., <br><br> Defendants. | No. 2:17-cv-01362 MCE CKD P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of court records from the United States District Court for the Central District of California reveals that, before this action was filed, plaintiff had at least three lawsuits dismissed

////

////

1

at the screening stage because they were time barred.[1]  In fact, plaintiff conceded as much in his complaint in this civil action.  See ECF No. 1 at 3.  Each of these dismissals counts as a strike under 28 U.S.C. § 1915(g) because this court is bound by Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015).  See Williams v. Logan, Case No. 2:15-cv-2084 MCE AC P (E.D. Cal.) (ECF No. 18 at 2) (recognizing that the majority in Belanus affirmed the decision that a time-barred action counted as a strike under 1915(g)).  Moreover, the Ninth Circuit found that the district court in Williams v. Degeorges, 696 Fed. Appx. 238 (9th Cir. 2017) (unpub.), and Williams v. Just, 696 Fed. Appx. 261 (9th Cir. 2017) (unpub.), properly denied plaintiff in forma pauperis status because he had sustained three § 1915(g) strikes.[2]  See also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding that a "prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").  Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless he can demonstrate an "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In his complaint, plaintiff alleges that he is in imminent danger based on defendant Passini's failure to provide him with blood pressure and psychiatric medication on several occasions in 2015 and 2016 while an inmate at California Medical Facility in Vacaville ("CMF").  See ECF No. 1 at 5-6.  Plaintiff also alleges that he was the target of "racially motivated harassment from January 12, 2016 thru April 28, 2016 in the M-1 Unit of CMF…" that placed him "under constant threat of injury."  ECF No. 1 at 30.  However, plaintiff was transferred to the R.J. Donovan Correctional Center in May 2017 and was housed there at the time of filing his complaint.  While plaintiff indicates that he has "enemies" at R.J. Donovan, there are no specific allegations of "a practice that has injured him or others similarly situated in the past or that there is a continuing effect resulting from such a practice."  Williams v. Paramo, 775 F.3d 1182 (9th

---

[1] These include:  Williams v. Aparicio, No. 2:14-cv-08640 (C.D. Cal. Feb. 5, 2015); aff'd by 669 Fed. Appx. 385 (9th Cir. 2016); Williams v. Kerkfoot, No. 2:14-cv-07583 (C.D. Cal. May 15, 2015); ECF No. 15-3 at 35-36; aff'd by 669 Fed. Appx. 380 (9th Cir. 2016); Williams v. Young, No. 2:14-cv-8037 (C.D. Cal. May 19, 2015); ECF No. 15-3 at 46-52 (Memorandum and Order).
[2] In addition to the three "strikes" identified above, plaintiff has a fourth "strike" arising out of a Ninth Circuit appeal which was dismissed as frivolous before this action was filed.  See Williams v. Young, No. 15-55967.

2

Cir. 2015) (internal quotations and citation omitted).  See ECF No. 1 at 114.  Plaintiff does not request any form of injunctive relief in his complaint.

In order to meet the imminent danger exception, the court reviews "the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  A pro se complaint is also construed liberally to determine whether the § 1915(g) exception applies.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  As the Ninth Circuit Court of Appeals has explained, this requires "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing" the complaint.  Andrews, 493 F.3d at 1055.

Here, plaintiff has failed to demonstrate an imminent danger at R.J. Donovan Correctional Center.  By way of contrast, the Ninth Circuit found an ongoing imminent danger following an inmate's transfer to a different prison when the complaint was based on allegations that the defendant prison guards spread rumors that plaintiff was a convicted sex offender and child molester and improperly assigned an "R" suffix to her prison file which followed her to subsequent prisons.  Williams v. Paramo, 775 F.3d at 1190.  In Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit concluded that a plaintiff had sufficiently alleged an imminent danger of serious physical injury where he had repeatedly been placed near listed enemies and had been attacked on two separate occasions: first with a nine inch screwdriver and then a year later with a butcher knife.  Unlike Williams and Ashley, there is no allegation of conduct by defendants in this action that spread to a different prison or a past harm from prison enemies that has an ongoing effect.  Thus, at the time of filing the instant complaint, plaintiff was not under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In light of the foregoing, plaintiff's motion for leave to proceed in forma pauperis will be denied.  Plaintiff will be granted fourteen days within which to pay the filing fee for this action.  Failure to pay the filing fee in such time period will result in a recommendation that this action be dismissed.

/////

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is denied.

2. Plaintiff is granted fourteen days within which to pay the $400 filing fee for this action. Failure to pay the filing fee within fourteen days will result in a recommendation that this action be dismissed.

Dated: February 1, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will1362.denyifp.docx