UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATILDA PASSINI, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-01362 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 21, 2018, this case was referred by the United States District Judge assigned to this case for further proceedings. ECF No. 12.

**I.　　Factual and Procedural History**

On July 5, 2017, plaintiff filed a 120 page complaint alleging that various medical and correctional officers at California Medical Facility in Vacaville ("CMF-Vacaville") had neglected to give him his blood pressure and psychiatric medication on several occasions in deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 1 at 5, 73. Plaintiff alleged that this caused him to suffer from headaches, blurred vision, and "bouts of schizophrenia and major depressive episodes and hearing voices." Id. These incidents purportedly placed him in "on-going imminent danger of serious physical injury" because "he became subject to racially motivated harassment…" and was visited by goons on 2 occasions who

1

threatened him with harm while an inmate at CMF-Vacaville. ECF No. 1 at 30.

Additionally, plaintiff asserted that correctional officers at CMF-Vacaville retaliated against him on multiple occasions by fabricating a 128-B disciplinary chrono or rules violation report ("RVR"). ECF No. 1 at 6, 32-33, 80, 103. Plaintiff also challenged the conditions of his confinement while in the administrative segregation unit of CMF-Vacaville because the water in his cell was turned off, he was not given any toothpaste, was not allowed to shower, and was not given any hot meals, all for a period of five days. Id. at 103-04. The complaint also alleged separate Eighth Amendment excessive force claims by three correctional officers at CMF-Vacaville that occurred on different dates. Id. at 22-23, 79, 80. Plaintiff further asserted that multiple correctional officers denied him a wheelchair to attend various activities within the prison which was deliberately indifferent to his serious medical needs. ECF No. 1 at 103-04.

In summary, plaintiff's complaint presented a laundry list of constitutional violations that allegedly occurred to him while he was housed at CMF-Vacaville. Based on all of these asserted constitutional violations, plaintiff requested declaratory relief as well as compensatory and punitive damages in the amount of $100,000 per defendant. ECF No. 1 at 119.

At the end of his complaint, plaintiff contended that he was in imminent danger of serious physical injury because he was transferred to R.J. Donovan Correctional Facility where he has known enemies. ECF No. 1 at 114. As a result, he requested to be allowed to proceed "throughout the entire case" without paying the filing fee.[1] Id. at 119. The court notes that plaintiff was housed at R.J. Donovan at the time that he filed his complaint in the instant case.

On February 1, 2018, the undersigned denied plaintiff's pending motion to proceed in forma pauperis after finding that he was a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). ECF No. 6. Plaintiff does not contest the court's conclusion that he had three or more strikes prior to filing the instant complaint. Id. at 1-2; see also Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (finding that "once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears

---

[1] Plaintiff filed a motion to proceed in forma pauperis at the same time that he filed his complaint. See ECF No. 2.

2

the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status"). In the order, the court rejected plaintiff's allegations of imminent danger presented in the complaint because there was no "allegation of conduct by defendants in this action that spread to a different prison or a past harm from prison enemies that has an ongoing effect." Id. at 3. In this vein, the court not only addressed the imminent danger allegations presented at a different prison, but also noted that plaintiff did not request any form of injunctive relief in his complaint even though he repeatedly asserted that he was in imminent danger. Id. at 2-3. Plaintiff was granted fourteen days to pay the $400 filing fee in order to proceed with the case and was advised that his failure to do so would result in a recommendation that this action be dismissed. Id.

Plaintiff subsequently failed to pay the filing fees as ordered. On March 19, 2018, the undersigned issued Findings and Recommendations that this action be dismissed without prejudice as a result of plaintiff's failure to pay the fees. ECF No. 8 at 2. Plaintiff filed objections on March 30, 2018 which included additional allegations of threats to his safety at R.J. Donovan Correctional Center, where he remained in custody. ECF No. 9.

On August 21, 2018, the District Judge assigned to this case declined to adopt the Findings and Recommendations in light of the new information in plaintiff's objections concerning the imminent danger to his safety. ECF No. 12 at 2. The matter was referred back "for further proceedings to develop the record as necessary for consideration of whether the information contained in plaintiff's objections support the 'imminent danger' exception." Id. For the reasons discussed below, the undersigned finds it unnecessary to further develop the record on the imminent danger exception because there is simply no nexus between the constitutional violations asserted while plaintiff was an inmate at CMF-Vacaville and any ongoing danger to plaintiff's safety at R.J. Donovan Correctional Center. Absent such a connection, the imminent danger exception to 28 U.S.C. § 1915(g) does not apply as a matter of law.

**II.     Imminent Danger Exception**

The starting point for any discussion of the imminent danger exception is the plain text and purpose of this provision contained in the Prison Litigation Reform Act ("PLRA").

////

3

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The PLRA thus limits a district court's ability to grant in forma pauperis status in order to "address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits…." Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)); see also Washington v. Los Angeles County Sheriff's Dept., 833 F.3d 1048, 1054 (9th Cir. 2016). In reviewing this provision of the PLRA, the Second Circuit Court of Appeal developed a two-part test for determining whether there is a valid relationship, or nexus, between the allegations of imminent danger and the civil rights action. Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." Pettus, 554 F.3d at 298-99. There is a growing recognition of this nexus requirement by federal courts of appeal as well as district courts throughout the country. See Ball v. Hummel, 577 Fed. Appx. 96, 96 n. 1 (3d Cir. 2014); Stine v. Fed. Bureau of Prisons Designation and Sentence Computation Unit, 571 Fed. Appx. 352 (5th Cir. 2014) (denying IFP status on appeal where plaintiff "failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas"); Alston v. FBI, 747 F.Supp.2d 28, 31 (D. D.C. 2010); Stine v. Federal Bureau of Prisons, 2015 WL 5255377 (E.D. Cal. Sept. 9, 2015) (Order declining to adopt Findings and Recommendations that allow three-strikes litigant to proceed based on imminent danger exception that lacks a nexus to the complaint); Langston v. Sharma, 2016 WL 6775615 (E.D. Cal. Nov. 16, 2016) (utilizing Pettus standard for allegations of imminent danger); McClellan v. Kern County Sheriff's Office, 2015 WL 5732077 (E.D. Cal. Sept. 28, 2015) (finding no nexus between plaintiff's allegation of his false arrest leading to his unlawful

4

detention and any imminent danger); May v. Andrews, 2015 WL 1885231 (S.D. Ala. April 24, 2015); Pinson v. Frisk, 2015 U.S. Dist. LEXIS 21396, *6, 2015 WL 738253 (N.D. Cal. Feb. 20, 2015); Perry v. Boston Sic. Family, 2013 U.S. Dist. LEXIS 171545, *5-*7, 2013 WL 6328760 (D. Minn. Dec. 5, 2013); Dickerson v. Vienna Corr. Ctr., 2013 WL 3421903 (S.D. Ill. July 8, 2013); Chappel v. Fleming, 2013 U.S. Dist. LEXIS 70558, *13 (E.D. Cal. May 17, 2013) (adopted by Order of July 25, 2013); Williams v. Brennan, 2013 WL 394871 (E.D. Cal. Jan. 30, 2013) (adopting two-part Pettus test in denying IFP status).

### III. Legal Analysis

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Rather than focusing on plaintiff's allegations of imminent danger of serious physical harm, the issue in this case turns on the relationship between these allegations and the constitutional violations asserted in the civil rights complaint. See Pettus v. Morgenthau, 554 F.3d 293 (2d Cir. 2009) (rejecting the argument that a prisoner can proceed on any claim as long as he or she claims to be under an imminent danger of serious physical injury and explaining why a nexus is required between a three-strikes litigant's cause of action and the imminent danger alleged). This court sees no purpose in severing the imminent danger exception from its roots and allowing this civil action challenging conduct of prison officials at CMF-Vacaville to proceed based on imminent danger to plaintiff while housed at R.J. Donovan Correctional Facility. It therefore finds the two-part standard announced in Pettus appropriate in resolving the current issue. First, the imminent danger of serious physical injury must be "fairly traceable" to the unlawful conduct identified in the complaint. Pettus, 554 F.3d at 297. Secondly, the court reviews "whether a favorable judicial outcome would redress that injury." Id.

Application of the Pettus standard is not foreclosed by Ninth Circuit precedent. In fact, the logic supporting the nexus requirement was clearly accepted by the Ninth Circuit in Williams v. Paramo, 775 F.3d 1182 (9th Cir. 2015). "Properly construed, Williams's allegations [of imminent danger] are clearly related to her initial complaint regarding the rumors started by

5

Defendants and their erroneous assignment of an 'R' suffix to her prison file." Williams, 775 F.3d at 1190 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (finding allegations that removal from the prison's Hepatitis C treatment program would lead plaintiff to suffer substantial harm were not conclusory and vacating the dismissal of plaintiff's complaint). Further, in Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007), the imminent danger alleged by the inmate involved the risk of contracting communicable diseases and two of the constitutional violations alleged in his complaint concerned CDCR's policy "of not screening inmates for such diseases and instead housing contagious inmates with others without regard to the risk they pose." Id. at 1050.[2] In this circumstance, the Ninth Circuit found that the district court erred in not allowing plaintiff to proceed with his complaint under the imminent danger exception. Id. The court's opinion recognizes that its "holding is quite narrow." Id. With these circumstances in mind, the undersigned does not read Andrews as foreclosing a nexus requirement between the allegations in the complaint and those relied on to support a finding of imminent danger.

Additionally, the two-part Pettus standard can be harmonized with the Ninth Circuit's rule requiring the imminent danger exception to be applied to the complaint as a whole rather than on a claim-by-claim basis. See Andrews v. Cervantes, 493 F.3d at 1054-55. The first prong of Pettus requires serious physical injury be "fairly traceable" to the unlawful conduct asserted in the complaint. This can be read in a manner consistent with Andrews v. Cervantes, id., by allowing the injury to be connected to any single cause of action identified in the complaint. In the present case, the allegations of serious physical injury at R.J. Donovan are not traceable to any cause of action in plaintiff's complaint. Therefore, even when read in conjunction with Andrews v. Cervantes, plaintiff's allegations of imminent danger fail the first prong of the Pettus standard.

This is not a close case because there is simply no factual or legal connection between the allegations of imminent danger and the unlawful conduct by staff at CMF-Vacaville. Plaintiff's

---

[2] While the complaint contained 5 other causes of action that were not related to the issue of communicable diseases, there was a factual connection or nexus between the imminent danger allegations and the relief plaintiff was seeking in the complaint itself. The Ninth Circuit ultimately adopted the view that the imminent danger exception applies to the complaint as a whole and not on a claim by claim basis. Andrews, 493 F.3d at 1052. However, in the present case there is no such connection.

allegations of imminent danger focus on actions by staff at R.J. Donovan Correctional Facility that are not alleged to have started or be traceable to events at CMF-Vacaville.  See ECF No. 9 (Plaintiff's Objections to Findings and Recommendations focusing on actions by Officer Buenostrome and others who called him a snitch).  Therefore, plaintiff fails to meet the first prong of the Pettus standard.

Regarding the second prong of the Pettus standard, this court does not have the ability to grant plaintiff any relief for his allegations of imminent danger at R.J. Donovan.  As described in Pettus, there must be a judicial outcome capable of redressing the asserted injury.  This court lacks personal jurisdiction over any correctional officer at R.J. Donovan which is located in the Southern District of California.  Additionally, even if plaintiff was to receive a favorable judicial outcome in the present case (i.e. monetary damages), it would not redress any injury associated with labeling him a snitch at a different prison.  All of plaintiff's allegations of imminent danger were the subject of a separate civil rights complaint filed in the Southern District of California. See Williams v. Buenostrome, 3:17-cv-02345 MMA-JLB, 2018 WL 638248 (S.D. Cal. Jan. 31, 2018) (rejecting imminent danger allegations, declaring plaintiff a three-strikes litigant, and dismissing civil rights action without prejudice for failing to pay the filing fee); appeal pending in 18-55191 (9th Cir. 2018).  That was the appropriate legal remedy for plaintiff's allegations of imminent danger while at R.J. Donovan.  By filing a separate civil rights complaint in the Southern District of California, plaintiff implicitly recognized his inability to get relief from his allegations of imminent danger in the present action.  For all of these reasons, the undersigned finds that plaintiff does not qualify for the imminent danger exception pursuant to 28 U.S.C. § 1915(g).

**IV. Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

You have had at least three cases dismissed because they were found to be frivolous or malicious or they failed to state a claim. This means that you have three strikes under § 1915(g)

and cannot proceed without paying the filing fee in full unless you show that you were in imminent danger at the time you filed the complaint. The court has reviewed the information contained in your March 30, 2018 court filing along with the allegations in your complaint filed on July 5, 2017. Based on the lack of any connection between your allegations of serious physical injury while housed at R.J. Donovan and the unlawful conducted committed by staff at CMF-Vacaville, the undersigned finds that you do not qualify for the imminent danger exception to avoid paying the filing fees in this action. As a result, it is recommended that your case be dismissed without prejudice for failing to pay the filing fees. If accepted by the United States District Judge assigned to your case, this means that the case will be closed. If you disagree with this result then you may explain why it is wrong within 14 days after you receive a copy of this order.

IT IS THEREFORE RECOMMENDED that this action be dismissed without prejudice based on plaintiff's failure to pay the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will1362.f&rnew.docx